IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEKSANDR ROTAR, : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 23-CV-3921 |
| : | |
| UPPER POTTSGROVE POLICE : | |
| DEPARTMENT, *et al.*, : | |
|     Defendants. : | |

## MEMORANDUM OPINION

**GOLDBERG, J.**                                                                                                                                                                              **NOVEMBER 20, 2023**

Aleksandr Rotar has filed a Complaint on October 10, 2023, on his own behalf and on behalf of his business, A&R Coffee Shop LLC, naming as Defendants the Upper Pottsgrove Police Department, Upper Pottsgrove Township, Michelle L. Reddick and Officer Sean Farrell. Rotar also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Rotar *in forma pauperis* status, dismiss the claims of A&R Coffee Shop LLC, and dismiss Rotar's claims without prejudice on statutory screening.[1]

---

[1] In a prior Order filed on October 12, 2023 (ECF No. 4), A&R Coffee Shop LLC was ordered to pay the filing fee for this case and to retain counsel since a limited liability company cannot proceed *pro se* or be granted *in forma pauperis* status in federal court. The same Order directed Rotar to sign an affidavit since his *in forma pauperis* application was unsigned. On November 7, 2023, Rotar returned the signed affidavit. (ECF No. 5.) However, A&R Coffee Shop LLC has not complied with the October 12 Order, and its time to do so has now expired. Accordingly, in the Order accompanying this Memorandum, its claims will be dismissed without prejudice. As Rotar has complied with the prior Order, the Court will proceed to screen his claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I.     **FACTUAL ALLEGATIONS**[2]

Rotar's allegations are quite brief. He asserts that on July 3, 2021, Defendant Officer Farrell approached a crowd of young Black males at his business location and confronted them on why their cars were parked at a private business. Farrell allegedly made racial slurs at them because they were Black. Rotar, who is Jewish, confronted Farrell and they engaged in "yelling and screaming back and forth." Farrell allegedly threatened that Rotar's business and "its permits" would be taken away. Rotar asserts that two days later, Defendant Michelle Reddick denied Rotar's applications and told him to file new applications.[3] He also alleges that he was told he would be getting fined daily. (Compl. at 3.)

Rotar asserts federal question jurisdiction over his claims, citing a criminal statute, 18 U.S.C. § 371, concerning a conspiracy to commit offenses or to defraud the United States, and a regulation, 5 C.F.R. § 2635.702, concerning the misuse of government positions and resources. As relief for his claim, Rotar asks for money damages and that criminal and civil charges be filed against the Defendants due to their abuse of power and for attacking a Jewish small business owner. (*Id*. at 2, 4.)

II.     **STANDARD OF REVIEW**

The Court grants Rotar leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard

---

[2] The factual allegations set forth in this Memorandum are taken from Rotar's Complaint (ECF No. 2). The Court adopts the sequential pagination assigned to the Complaint by the CM/ECF docketing system.

[3] Rotar does not specify what the applications sought. He also does not specify what existing permits were threatened to be taken away by Farrell, or whether any Defendant acted on a threat to take away his business or its existing permits.

applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Rotar is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.   DISCUSSION

### A.   Request for Criminal Charges

Rotar seeks to have the named Defendants charged with criminal offenses. This is not relief that the Court can grant to him. "A private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (finding that a citizen lacks standing to contest prosecutorial policies "when he himself is neither prosecuted nor threatened with prosecution") (citations omitted); *Lewis v. Jindal*, 368 F. App'x 613, 614 (5th Cir. 2010) ("It is well-settled that the decision whether to file criminal charges against an individual lies within the prosecutor's discretion, and private citizens do not have a constitutional right to compel criminal prosecution.") (citations omitted). Furthermore, "an agency's decision not to prosecute or enforce, whether through civil or criminal process, is a

decision generally committed to an agency's absolute discretion." *Heckler v. Chaney*, 470 U.S. 821, 831 (1985). Accordingly, Rotar's request that criminal charges be instituted against the Defendants is dismissed with prejudice.

### B. Claim under 5 C.F.R. § 2635.702

The section of the Code of Federal Regulations that Rotar cites provides that an Executive Branch employee of the United States government "shall not use his public office for his own private gain, for the endorsement of any product, service or enterprise, or for the private gain of friends, relatives, or persons with whom the employee is affiliated in a nongovernmental capacity, including nonprofit organizations of which the employee is an officer or member, and persons with whom the employee has or seeks employment or business relations."  5 C.F.R. § 2635.702.[4] Setting aside whether Rotar, as a private citizen, may enforce a provision of the Code of Federal Regulations, *see Polaroid Corp. v. Disney*, 862 F.2d 987, 994 (3d Cir. 1988) (stating that to answer this question courts should examine (1) whether the agency rule is properly within the scope of the enabling statute; (2) whether the statute under which the rule was promulgated properly permits the implication of a private right of action; and (3) whether implying a private right of action will further the purpose of the enabling statute), Rotar does not allege that any of the named Defendants are employees of the Executive Branch of the United States government. Rather, he has named a Pennsylvania municipality, its Police Department, and two municipal employees. Accordingly, because the regulation is inapplicable to the Defendants, Rotar's claim is not plausible and will be dismissed with prejudice.

---

[4] The regulation goes on to provide a nonexclusive list of prohibited activities such as (1) coercing another person to provide a benefit, (2) using a government position in a manner that could imply that the government sanctions or endorses personal activities or for private gain or giving preferential treatment, (3) endorsing a product, (4) or using a government title in connection with private activity. *Id*.

4

### C. Civil Rights Claims

Construing Rotar's allegations liberally, he may seek to assert possible civil rights claims against the named Defendants. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

#### 1. Timeliness

The timeliness of a § 1983 claim is governed by the limitations period applicable to personal injury actions of the state where the cause of action arose. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). The Pennsylvania statute of limitations for a personal injury action is two years. *Id.* at 634 (citing 42 Pa. Cons. Stat. § 5524(2)). Thus, limitations period applicable to Rotar's § 1983 claims is two years.

Rotar filed his Complaint on October 10, 2023. The incidents that form the basis of his possible civil rights claims allegedly happened on July 3, 2021, when he had the confrontation with Officer Farrell, and two days later when Reddick informed him that his applications were denied, told Rotar to file new applications, and threatened him with fines. Rotar fails to allege an event that occurred within the two-year limitation period. Thus, Rotar's possible § 1983 claims appear to be untimely.

In Pennsylvania, the discovery rule may operate to delay the running of the statute of limitations in certain circumstances. *Nicolaou v. Martin*, 195 A.3d 880, 892 (Pa. 2018) ("the discovery rule tolls the statute of limitations where the plaintiff is reasonably unaware that he has been injured and that his injury has been caused by another party's conduct") (citing *Fine v.*

*Checcio*, 870 A.2d 850, 858 (Pa. 2005)). "As the discovery rule has developed, the salient point giving rise to its application is the inability of the injured, despite the exercise of reasonable diligence, to know that he is injured and by what cause." *Fine*, at 859. "The reasonable diligence standard is objective, as the question is not what the plaintiff actually knew of the injury or its cause, but what he might have known by exercising the diligence required by law." *Nicolaou*, 195 A.3d at 893. (citations omitted). However, "the objective reasonable diligence standard is 'sufficiently flexible . . . to take into account the differences between persons and their capacity to meet certain situations and the circumstances confronting them at the time in question.'" *Id.* (quoting *Fine*, 870 A.2d at 858).

"A complaint is subject to dismissal for failure to state a claim on statute of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017). Because Rotar fails to allege any incident that occurred within the limitations period, no reasonable juror could find that his claims are timely. Moreover, even if his claims can be deemed timely, there are other problems with any possible civil rights claims that he may seeks to assert against the named Defendants.

### 2. Upper Pottgrove Township

Local governments like Upper Pottsgrove Township can be liable as "persons" under § 1983, however, this liability extends only to "their *own* illegal acts." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (emphasis in original) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986)); *see Monell v. Dept. of Social Servs.*, 436 U.S. 658, 665-83 (1978). This limitation is based on the well-established principle that municipalities "are not vicariously liable under § 1983 for their employees' actions." *Connick*, 563 U.S. at 60; *Monell*, 436 U.S. at 691 ("[A] municipality

cannot be held liable *solely* because it employs a tortfeasor — or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory.") (emphasis in original).

To plead a basis for liability against a municipal entity such as Upper Pottgrove Township under § 1983, a plaintiff must allege that the municipality's policy or custom caused the violation of his constitutional rights. *See Monell*, 436 U.S. at 694. "To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was." *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009). "'Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.'" *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). "'Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'" *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)). For a custom to be the proximate cause of an injury, a plaintiff must establish that the Defendant "had knowledge of similar unlawful conduct in the past, failed to take precautions against future violations, and that its failure, at least in part, led to [plaintiff's] injury." *Id.* (internal quotations and alterations omitted). Allegations that simply paraphrase the standard for municipal liability, are too vague and generalized to support a plausible claim. *See, e.g.*, *Szerensci v. Shimshock*, No. 20-cv-1296, 2021 WL 4480172, at *7 (W.D. Pa. Sept. 30, 2021) ("Plaintiffs' conclusory allegation, which generally paraphrases the relevant standard, is insufficient to state a claim for § 1983 liability under *Monell*.") (citing cases).

A plaintiff may also state a basis for municipal liability by "alleging failure-to-supervise, train, or discipline . . . [and alleging facts showing] that said failure amounts to

deliberate indifference to the constitutional rights of those affected." *Forrest v. Parry*, 930 F.3d 93, 106 (3d Cir. 2019).  "This consists of a showing as to whether (1) municipal policymakers know that employees will confront a particular situation, (2) the situation involves a difficult choice or a history of employees mishandling, and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Id.*

>As the United States Court of Appeals stated,
>
>If the alleged policy or custom at issue is a failure to train or supervise (as it is here), the plaintiff must show that this failure "amounts to 'deliberate indifference' to the rights of persons with whom [the municipality's] employees will come into contact." *Thomas v. Cumberland Cnty.*, 749 F.3d 217, 222 (3d Cir. 2014) (quoting *Carter v. City of Phila.*, 181 F.3d 339,357 (3d Cir. 1999)).  "Ordinarily," this requires a plaintiff to identify a "'pattern of similar constitutional violations by untrained employees'" that "puts municipal decisionmakers on notice that a new program is necessary." *Id.* at 223 (quoting *Connick v. Thompson*, 563 U.S. 51, 62 (2011)).  Otherwise, the plaintiff needs to show that failure to provide the identified training would "likely . . . result in the violation of constitutional rights" — i.e., to show that "the need for more or different training [was] so obvious." *City of Canton v. Harris*, 489 U.S. 378, 390 (1989).

*Johnson v. City of Phila.*, 975 F.3d 394, 403 (3d Cir. 2020).

Rotar does not allege that he was injured by a policy or custom of Upper Pottsgrove Township.  Rather, he appears to have named the municipality merely because it is the employer of Michelle L. Reddick and Officer Sean Farrell.  Accordingly, his claim against Upper Pottsgrove Township is not plausible and will be dismissed.

### 3. Upper Pottsgrove Police Department

Following the decision in *Monell*, courts concluded that a police department is a sub-unit of the local government and, as such, is merely a vehicle through which the municipality fulfills its policing functions.  *See e.g. Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993).  Thus, while a municipality may be liable under § 1983, a police department, as a mere sub-unit of the municipality, may not.  *Id.*; *Martin v. Red Lion Police Dept.*, 146 F. App'x. 558, 562

n.3 (3d Cir. 2005) (*per curiam*) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality); *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 (3d Cir. 1997) ("As in past cases, we treat the municipality and its police department as a single entity for purposes of section 1983 liability" citing *Colburn v. Upper Darby Township*, 838 F.2d 663, 671 n.7 (3d Cir.1988)); *Hadesty v. Rush Twp. Police Dep't*, No. 14-cv-2319, 2016 WL 1039063, at *9 n.4 (M.D. Pa. Mar. 15, 2016). Therefore, the Upper Pottsgrove Police Department is not a proper defendant in this case under § 1983 and is dismissed with prejudice.

### 4. Michelle L. Reddick and Officer Farrell

Rotar alleges that Officer Farrell threatened that Rotar's business's permits would be taken away following their yelling at each other over Farrell's interaction with the Black youths. He alleges that Michelle L. Reddick denied Rotar's applications two days later, and told him to file new applications. He also alleges that he was told, presumably by Reddick, that he would be getting fined. From these allegations, the Court understands Rotar to be possibly asserting a First Amendment retaliation claim against Farrell and Reddick.

In order to state a plausible First Amendment retaliation claim, a plaintiff must allege that: (1) he engaged in constitutionally protected conduct; (2) he suffered an adverse action sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) the constitutionally protected conduct was "a substantial or motivating factor" for the adverse action. *See Alers v. City of Philadelphia*, 919 F. Supp. 2d 528, 553 (E.D. Pa. 2013) (quoting *Thomas v. Indep. Twp.*, 463 F.3d 285, 296 (3d Cir. 2006)). To the extent Rotar intended to assert a retaliation claim, his factual allegations are so brief that the claim is undeveloped and cannot proceed. For example, Rotar asserts that Farrell threatened his business's permits and Reddick denied

9

applications. It is unclear from the Complaint, however, whether any retaliation claim is properly asserted by Rotar or his business, which Rotar included as a plaintiff and alleges is a separate legal entity. Rotar also fails to assert facts supporting whether constitutionally protected conduct was a substantial or motivating factor for retaliatory conduct since he fails to describe what permits were threatened, what applications were denied, whether he was actually fined, and if so, for what conduct. Accordingly, this claim must also be dismissed.[5] *See Iqbal*, 556 U.S. at 680 (stating that a complaint must nudge claims "across the line from conceivable to plausible" (citing *Bell Atl. v. Twombly*, 550 U.S. 544, 545 (2007))).

## IV. CONCLUSION

For the stated reasons, the claims asserted by A&R Coffee Shop LLC will be dismissed without prejudice because it failed to comply with the Court's prior Order that it retain counsel and because Rotar may not represent the entity *pro se*. Rotar's claim against the Upper Pottsgrove Police Department, and his request for criminal and civil charges under federal statutes and regulations will be dismissed with prejudice since any attempt to amend those claims would be futile. His possible *Monell* claim against Upper Pottsgrove Township and any First Amendment retaliation claim will be dismissed without prejudice and with leave to file an amended complaint

---

[5] The United States Court of Appeals for the Third Circuit has held that district courts should dismiss *pro se* complaints with leave to amend "unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). Cognizant of Rotar's *pro se* status, the Court will grant him an opportunity to "flesh out [his] allegations by . . . explaining in [the] amended complaint the 'who, what, where, when and why' of [his] claim." *See Davis v. Internal Revenue Serv.*, No. 21-cv-4728, 2022 WL 407639, at *3 (E.D. Pa. Feb. 9, 2022); (citing *Gambrell v. S. Brunswick Bd. of Educ.*, No. 18-cv-16359, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019)). If Rotar opts to file an amended complaint against Upper Pottsgrove Township, Farrell, and Reddick, he should be cognizant of the statute of limitation issue and the substantive law governing his claims.

to attempt to reassert the claims plausibly.  An Order follows with additional information about filing an amended complaint.